EISLER & COMPANY, APPELLANT, v.
STATE OF NEW JERSEY, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted June 11, 1973—Decided June 29, 1973.

Before Judges LORA, ALLCORN and HANDLER.

Mr. *Michael S. Sodowick*, attorney for appellant (*Mr. Charles V. Litt* on the brief).

Mr. *George F. Kugler, Jr.*, Attorney General of New Jersey, attorney for respondent (*Mr. Stephen Skillman*, Assistant Attorney General of counsel; *Mr. Jonathan Weiner*, Deputy Attorney General on the brief).

PER CURIAM. Eisler & Company is a member of the Tobacco Distributors Association of New Jersey, which was notified by the New Jersey State Department of Health that its members engaged in the wholesale distribution of food and cosmetics are subject to the licensure requirements of *L.* 1971, *c.* 158; *N. J. S. A.* 24:15–13 and 14. Appellant contends that it is exempt from those requirements because it is registered pursuant to *N. J. S. A.* 24:6B–1 *et seq.*

There appears no dispute that appellant is engaged in the wholesale distribution of food, drugs and cosmetics; and commencing in 1964 it transmitted to the Department a registration statement pursuant to *N. J. S. A.* 24:6B–1 *et seq.* with respect to its drug distribution activities, and that approximately 3% of its total gross annual volume of business relates to its drug activities. The Department accepted and filed this registration statement and it has subsequently been renewed.

As the operator of a "drug establishment," as defined in *N. J. S. A.* 24:6B–12(f) and (g), appellant was required to comply with the provisions of *N. J. S. A.* 24:6B–1 *et seq.*, including the filing of a registration statement and the payment of the specified fees. The activities of appellant in this respect are the subject of particular regulations under the Division of Environmental Health which include "[m]aking a sanitary and quality control inspection of all New Jersey drug manufacturing businesses and selective wholesale drug businesses, registered in compliance with *N. J. S. A.* 24:6B * * *." *N. J. A. C.* 8:21–3.2(b).

The Legislature in 1971 supplemented chapter 15 of *Title* 24 of the *Revised Statutes* by providing that "every establishment falling within the scope of [that] chapter shall be licensed by the Commissioner of Health with a fee to be charged therefor * * *." *L.* 1971, *c.* 158, § 1. The establishments included within chapter 15 were any "food establishment," "drug establishment" and "cosmetic establishment." *N. J. S. A.* 24:15–1. The 1971 supplement provided further that the license otherwise required need not be secured by an establishment "the *activities* of which are subject to licensure pursuant to any other provisions of this Title or to inspection and licensure by a local department of health." *N. J. S. A.* 24:15–13 (emphasis added).

It seems reasonably clear that by the enactment of *N. J. S. A.* 24:15–1 *et seq.*, as supplemented, the Legislature did not intend to supplant the regulatory scheme applicable to

a drug business covered by *N. J. S. A.* 24:6B–1 *et seq.* While regulations envisaged by each of these titles to some extent overlap, *N. J. S. A.* 24:6B–1 *et seq.* concerns itself solely with entities engaged in the drug manufacturing and wholesale business, and with particular activities of such establishments which are not the direct concern of *N. J. S. A.* 24:15–1 *et seq.*

While chapter 15 is sufficiently broad to embrace drug enterprises, its primary thrust is to control and regulate food and cosmetic manufacturing and wholesale establishments. This is evinced by the statement accompanying the bill as well as by its administrative implementation.

Moreover, *N. J. S. A.* 24:15–14 provides for the imposition of "reasonable fees for any service performed in the licensing and inspection of any premises coming within the provisions of this chapter." The license fees adopted by the Department pursuant to this statutory directive relate only to an establishment conducting a wholesale food or cosmetic business. *N. J. A. C.* 8:21–9.5 The fee imposed by *N. J. S. A.* 24:6B–4 upon registrants which are engaged in the manufacture or wholesale of drugs constitute a separate charge referable to distinct services rendered by the Department with respect to those firms.

These considerations lead us to conclude that the Legislature, in the enactment of *N. J. S. A.* 24:15–13 and 14 as a supplement to Title 15, did not intend to exempt from licensure thereunder those establishments engaged in substantial food and cosmetic activities because they were otherwise registered by virtue of their drug business under *N. J. S. A.* 24:6B–1 *et seq.*

Affirmed.